UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PRIMM, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00330-JDP (PC)<br><br>ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED, OR<br><br>(2) FILE AN AMENDED COMPLAINT WHOSE ALLEGATIONS MAKE A SHOWING OF IMMINENT DANGER<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2. He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). He has, in other words, filed three cases that have been dismissed for failure to state a claim. Plaintiff was first identified in this district as a three-striker in *Stephen v. Zhang*, No. 2:12-cv-630-GGH-P (E.D. Cal. Apr. 19, 2012) at ECF Nos. 7 & 9.[1] Plaintiff appears to recognize his

---

[1] In that case, Judge Hollows found that plaintiff had filed six cases that had been dismissed for failure to state a claim: (1) *Stephen v. Lacy*, No. CV-93-5032 WMB (C.D. Cal. Aug. 23, 1993); (2) *Stephen v. Zulfacur*, No. 93-cv-1943-R (RBB) (S.D. Cal. Apr. 19, 1994); (3) *Stephen v. Shelar*, No. 06-cv-1054-LAB (WM[C]) (S.D. Cal. Aug. 31, 2006); (4) *Stephen v.*

1

status as a three-striker and, in his complaint, alleges that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of serious physical injury. ECF No. 1 at 4. Plaintiff does not, however, make such a showing.

Plaintiff articulates two claims. First, he alleges that defendants violated his First Amendment rights by placing him in segregated custody in retaliation for his litigation against staff members. *Id.* at 4. Although plaintiff alleges that this claim invokes a risk of serious physical injury, he does not specify what that danger is. Moreover, plaintiff alleges that he was transferred to segregation in September 2021. *Id.* This action was not filed until February 2022, and the absence of any alleged specific injury undercuts his claim of imminent physical harm. Plaintiff does allege that his placement in segregation exposed him to higher risk of contracting Covid-19, but he does not support this claim with specifics. Additionally, he does not, as best I can tell, allege that he contracted the disease between September 2021 and the filing of this complaint.[2]

Second, plaintiff alleges that two defendants—Gates and Tam—failed to safeguard his confidential medical records. *Id.* at 7. This claim does not implicate plaintiff's physical safety.

I will give plaintiff one chance to amend before I recommend that his application to proceed *in forma pauperis* be denied. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled

---

*Hernandez*, No. 06-cv-0171-L (WMC) (S.D. Cal. Oct. 11, 2006); (5) *Stephen v. Marshal*, No. CV-07-05337-UA-SH (C.D. Cal. Oct. 4, 2007); (6) *Stephen v. IRS*, No. 07-cv-2112-LAB (BLM) (S.D. Cal. Dec. 4, 2007).

[2] Plaintiff also briefly alleges that a medical provider failed to treat his hemorrhoidal bleeding. ECF No. 1 at 6. He provides no detail about this failure or its consequences, save that it occurred in May of 2021. *Id.* Thus, I find that it does not make a showing of imminent physical injury.

"First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that his application to proceed *in forma pauperis* be denied and that he be required to pay the filing fee before this action can proceed.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 29, 2022                         _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE