UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS,<br><br>               Plaintiff,<br><br>    v.<br><br>PRIMM, *et al.*,<br><br>               Defendants. | Case No. 2:22-cv-00330-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>ECF No. 2<br><br>THIRTY-DAY DEADLINE |

      Plaintiff has filed a request to proceed *in forma pauperis*, ECF No. 2. He is, as I explained in my previous order, ECF No. 5, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). Plaintiff was previously determined to have filed at least three cases that were dismissed for failure to state a viable claim. *See Stephen v. Zhang,* No. 2:12-cv-630-GGH-P (E.D. Cal. Apr. 19, 2012) at ECF Nos. 7 & 9.[1] Three-strikers may still proceed *in forma pauperis* if their complaint makes a showing of imminent physical danger. 28 U.S.C. § 1915(g).

---

[1] In this case, Judge Hollows found that plaintiff had filed six cases that were dismissed for failure to state a claim: (1) *Stephen v. Lacy*, No. CV-93-5032 WMB (C.D.Cal. Aug. 23, 1993); (2) *Stephen v. Zulfacur*, No. 93cv1943 R(RBB) (S.D.Cal. Apr. 19, 1994); (3) *Stephen v. Shelar*, No. 06cv1054 LAB (WM[C]) (S.D. Cal. Aug. 31, 2006); (4) *Stephen v. Hernandez*, No. 06cv0171 L(WMC) (S.D.Cal. Oct. 11, 2006); (5) *Stephen v. Marshal*, No. CV-07-05337-UA-SH (C.D.Cal. Oct. 4, 2007); (6) *Stephen v. IRS*, No. 07cv2112 LAB (BLM) (S.D.Cal. Dec. 4, 2007).

1

Plaintiff's initial complaint did not make that showing and I offered him a chance to amend. ECF No. 5. He has filed an amended complaint, which also fails to allege that he is in imminent danger of physical harm. Accordingly, I will recommend that his application to proceed *in forma pauperis* be denied.

As before, plaintiff alleges that defendants violated his First Amendment rights by placing him in segregated custody in retaliation for his litigation against staff members. ECF No. 6 at 5-9. I have reviewed this claim, which does not contain any allegations of imminent physical danger. Plaintiff does invoke the term but, in connection therewith, alleges only that defendants destroyed some of his property as part of a campaign of retaliation. *Id.* at 9.

In what appears to be an entirely separate claim, plaintiff alleges that a physician, Dr. Aung Nay, refused to treat his prostate and hemorrhoidal bleeding in September 2021. *Id.* at 10. He claims that this failure to treat resulted in various negative side effects, but the danger does not appear ongoing insofar as plaintiff alleges that he is now scheduled to see a urologist. *Id.* at 10. As a separate medical issue, plaintiff claims that his retaliatory housing assignment exposed him to Covid-19, and that he contracted the Omicron variant. *Id.* He does not, however, allege any failure to treat the disease or specific harm that he will imminently suffer because of its contraction.

Finally, plaintiff repeats his claim that defendants Gates and Tam failed to safeguard his confidential medical records. *Id.* at 11. As before, this claim has no bearing on his physical safety.

I have already given plaintiff one chance to amend and to explain why he fits into § 1915(g)'s imminent danger exception. He has failed to do so, and I now recommend that his application to proceed *in forma pauperis* be denied. If plaintiff wishes to proceed with this suit, he must first pay the filing fee.

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to rule on these findings and recommendations.

Further, it is RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED.

2. Plaintiff be directed to pay the full filing fee within fourteen days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 19, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3